No. 91-083

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

TRANSWAY CORPORATION, a Montana Corporation; RANDALL A. LAMPHERE and SUSAN M. LAMPHERE, husband and wife; ALICE L. FITE, aka ALICE L. GRILLEY,

Plaintiffs and Appellants,

-vs-

FIRST CITZENS BANK OF POLSON,

Defendant and Respondent.

FILED

JUN 18 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twentieth Judicial District, In and for the County of Lake, The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randall A. Lamphere, Pro Se; Ronan, Montana.

For Respondent:

Keith Strong; Dorsey & Whitney, Great Falls, Montana.

Submitted on briefs: May 10, 1991

Decided: June 18, 1991

Filed:

Clerk

Justice J. C. McDonough delivered the Opinion of the Court.

Plaintiffs Transway Corporation (Transway), Randall and Susan Lamphere, and Alice Fite appeal the order of the Twentieth Judicial District Court of the State of Montana, Lake County, granting summary judgment to the defendant First Citizens Bank of Polson on plaintiffs' claims of breach of contract and fiduciary duties and bad faith.

Randall Lamphere appeared pro se on behalf of himself, Transway, and the other individuals. While shareholders and directors have a right to "take action" on the corporation's behalf under § 35-1-930, MCA, that does not entitle those persons to practice law on behalf of the corporation. A corporation is a separate legal entity and cannot appear on its own behalf through an agent other than an attorney. Weaver v. Law Firm of Graybill, Ostrem, Warner & Crotty (Mont. 1990), 803 P.2d 1089, 1091, 47 St.Rep. 2316, 2317; Annotation, Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who Is Not Attorney, 19 A.L.R.3d 1073 (1968). Mr. Lamphere cannot represent Transway pro se. Nor can he appear on behalf of his wife Susan and Alice Fite without being guilty of contempt of court. Section 37-61-210, MCA; Weaver, 803 P.2d at 1091. Montana law is also clear that the stockholders and guarantors of a corporation do not have the right to pursue an action on their own behalf when the cause of action accrues to the corporation. Bottrell v. American Bank (1989), 237 Mont. 1, 26-7, 773 P.2d 694, 709-10; Moats Trucking Co., Inc. v. Gallatin Dairies, Inc. (1988), 231 Mont. 474, 477, 753

2

P.2d 883, 885. Accordingly, the individuals have no claims against the bank and the order of the District Court with respect to them is affirmed. Since Mr. Lamphere is not an attorney and cannot represent the corporation pro se, the District Court's order with respect to Transway is likewise affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to West Publishing Company.

Let remittitur issue forthwith.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

3

June 18, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Randall A. Lamphere
5313 Whispering Pines Dr.
Ronan, MT  59864

Keith Strong
Dorsey & Whitney
P.O. Box 1566
Great Falls, MT  59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy